UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:18-cv-408-FtM-38MRM

COLLIER HMA PHYSICIAN
MANAGEMENT, LLC, d/b/a
Physicians Regional Medical Group,
a Florida limited liability company; and
NAPLES HMA, LLC, d/b/a Physicians
Regional Medical Center-Pine Ridge
and Physicians Regional Medical Center-
Collier Boulevard, a Florida limited
liability company,

     Plaintiffs,

v.

NCH HEALTHCARE SYSTEM, INC.,
a Florida not-for-profit corporation;
NAPLES COMMUNITY HOSPITAL, INC.,
a Florida not-for-profit corporation;
and NCHMD, INC., a Florida
not-for-profit corporation,

     Defendants.

_____/

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to

Fed. R. Civ. P. 26(f) and M.D. Fla. R. 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1))** [Court recommends 30 days after CMR meeting] | 9-28-18 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | Completed 6/29/18 |

CASE NO. 2:18-cv-408-FtM-38MRM

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Motions to Add Parties or to Amend Pleadings**<br>[Court recommends 1 - 2 months after CMR meeting] | 10/10/18 |
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant:<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | 6-28-19<br>7-26-19 |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | 8-23-19 |
| **Dispositive Motions, *Daubert,* and *Markman* Motions**<br>[Court requires 4 months or more before trial term begins] | 9-20-19 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[14 days before Joint Final Pretrial Statement] | 1-13-20 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word version must be e-mailed to the Chambers mailbox, unless excused by the Court] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | 1-27-20 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br>[Court recommends 3 weeks before Final Pretrial Conference] | 1-10-20 |
| **Final Pretrial Conference**<br>[Court will set a date that is approximately 3 weeks before trial] | Approx.<br>2-10-20 |
|  |  |

CASE NO. 2:18-cv-408-FtM-38MRM

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | 3-2-20 |
| **Estimated Length of Trial** [trial days] | 5 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**<br>Deadline:<br><br>Mediator:    John J. Upchurch<br>                  jupchurch@uww-adr.com<br>Address:     1400 Hand Avenue, Suite D<br>                  Ormond Beach, FL 32174<br>Telephone:  (386) 253-1560<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | 5/6/19 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes_____<br>No_X____<br><br>Likely to Agree in Future _____ |

3

## I.      Meeting of Parties in Person

Pursuant to M.D. Fla. Local Rule 3.05(c)(2)(B) or (c)(3)(A)1 and the Court's order in this matter dated August 8, 2018 (Doc. 23) a meeting was held telephonically on August 9, 2018 at 2:00 p.m. and was attended by:

| Name | Counsel for (if applicable) |
| --- | --- |
| Alan D. Lash, Esq. | Plaintiffs |
| Lorelei J. Van Wey, Esq. | Plaintiffs |
| Lawrence A. Farese, Esq. | Defendants |
| Edward K. Cheffy, Esq. | Defendants |
| Nicholas P. Mizell, Esq. | Defendants |

## II.     Preliminary Pretrial Conference

Local Rule 3.05(c)(30(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:** The Court holds a preliminary pretrial conference in most civil cases after the case management report is filed.   The purpose of the preliminary pretrial conference is to set dates that will govern the case, for the Court to inform counsel of its practices and procedures, and to discuss any unique issues anticipated by counsel.

Unresolved issues to be addressed at such a conference include:

None at this time.

---

[1]A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

### III.    Pre-Discovery Initial Disclosures of Core Information

### Fed. R. Civ. P. 26(a)(1)(C) - (D) Disclosures

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged __x__ agree to exchange (check one) information described in Fed. R. Civ. P. 26(a)(1)(C)-(D) _____ on __X__ by (check one) 9-28-18.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further discussed in Section IV below.

Information referenced in Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv)

### IV.    Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section III above, and agree that (check one):

__ no party anticipates the disclosure or discovery of ESI in this case;

_X one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f)

A.  The form or forms in which ESI should be produced.

    (1)  The parties agree to cooperate with each other in good faith in requesting and producing ESI in the format requested by the requesting party; to the extent it is reasonable and feasible for the producing party to produce the information in such format. To the extent the parties disagree as to the reasonableness or feasibility of producing ESI in the format requested, and the parties are unable to resolve such disagreement despite good faith efforts to do so, the producing party may produce the information requested in the reasonably usable format it deems most cost effective unless ordered by the Court, for good cause shown, to produce the requested information in some other manner or form.

    (2) The parties will work cooperatively and in good faith to avoid the production of duplicative ESI.

B.  Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

    (1) The parties anticipate that e-mail and other ESI will likely be responsive to virtually all topics within the scope of discovery.

---

and Rule 16.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

> (1) The production of electronic correspondence (e.g., e-mails) will include all available header fields (e.g., sender and all recipients whether by blind carbon copy or otherwise, date and time sent, and subject line) and all files attached to each email.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

> (1) The parties agree to make a reasonably diligent search of appropriate repositories and custodians of information.

> (2) The parties agree to work cooperatively and in good faith to identify proper search terms and proper timeframes for each request for ESI.

> (3) Each party will bear their own costs of identifying and producing responsive ESI, subject to unexpected events that may give rise to undue expense.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

(1) While undetermined at this time, the parties shall work cooperatively and in good faith to identify any individuals with special knowledge of their respective systems and make them available for conferences to the extent reasonably necessary to facilitate the efficient identification and production of discoverable ESI.

F. Any issues relating to preservation of discoverable ESI.

(1) None are known to the parties at this time.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section V.F. below on Confidentiality Agreements.

(1) The parties agree to negotiate in good faith and enter into a mutually acceptable Confidentiality Agreement.

(2) The parties agree that the inadvertent disclosure of privileged material does not constitute a waiver of any privileges or confidentiality. The parties further agree to promptly surrender any documents or data they receive from another party if a privilege claim is asserted in a reasonably timely manner after the producing party learns of any inadvertent

disclosure. If there is a disagreement, the producing party to whom the inadvertently produced material has been returned will place the documents or data on a privilege log for review by the Court by proper motion. The parties also agree that the receiving party will notify the producing party in a reasonably timely manner if the receiving party reasonably suspects or believes that the producing party has disclosed or produced privileged information.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Not contemplated at this time.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

No present areas of disagreement.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.

_ X _ all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**V.      Agreed Discovery Plan for Plaintiffs and Defendants**

**A.  Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.   No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.   A motion, memorandum, response, or other paper, including emergency motion, is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.   Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

___ X ___     Yes
_____     No            Amended Certificate will be filed by _____
                                    (party) on or before  _____ (date).

**B.      Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.    The Court encourages the exchange of discovery requests electronically.   <u>See</u> M.D. Fla. R. 3.03 (e).   The parties further agree as follows:

(1) To exchange all discovery requests and responses by email, and to provide requests in either native format or in editable-text format readily convertible to a word-processing format.

**C.      Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).   Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A).   Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R .Civ. P. 33(a).   The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.   Fed. R. Civ .P. 29.   In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.      Depositions – No further limitation at this time.

2.      Interrogatories – No further limitation at this time.

3.      Document Requests – No further limitation at this time.

4.      Requests to Admit – No further limitation at this time.

5.      Supplementation of Discovery – No further limitation at this time.

### D.    Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.   The Court may deny as untimely all motions to compel filed after the discovery deadline.   In addition, the parties agree as follows:

Nothing further at this time.

### E.    Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).   Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.   Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.   The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

(1) Each expert report will be accompanied by the disclosure of at least three dates of availability for the expert to be deposed.

Nothing further at this time.

### F.    Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.   The Court is a public forum, and disfavors motions to file under seal.   The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.   See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir.

1985).   A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.   (<u>See</u> M.D. Fla. R. 1.09).   The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."   There is no need for the Court to endorse the confidentiality agreement.   The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements.   <u>See</u> M.D. Fla. R. 4.15.   Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."   With respect to confidentiality agreements, the parties agree as follows:

<u>The parties have agreed to develop their stipulated and signed confidentiality agreement and will only seek the Court's endorsement via motion if no agreement can be reached.</u>

### G.    Electronically Stored Information and Claims of Privilege

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

(1) The parties agree that the inadvertent disclosure of privileged material does not constitute a waiver of any privileges or confidentiality. The parties further agree to promptly surrender any documents or data they receive from another party if a privilege claim is asserted in a reasonably timely manner

13

after the producing party learns of any inadvertent disclosure. If there is a disagreement, the producing party to whom the inadvertently produced material has been returned will place the documents or data on a privilege log for review by the Court by proper motion. The parties also agree that the receiving party will notify the producing party in a reasonably timely manner if the receiving party reasonably suspects or believes that the producing party has disclosed or produced privileged information.

### H.   Other Matters Regarding Discovery

(1) The parties agree that documents not filed through the Court's CM/ECF System may be served on the other side by electronic email pursuant to Federal Rule of Civil Procedure 5(b)(2).

## VI.   Settlement and Alternative Dispute Resolution

### A.   Settlement

The parties agree that settlement is   _____ likely   __X__ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes   __X__ no   _____   likely to request in future.

### B.   Arbitration

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically.   Does this case fall within the scope of Local Rule 8.02(a)?

_____ yes   __X__ no

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

_____ yes   __X__ no   _____ likely to agree in future

14

_____ Binding _____Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation.   Local Rule 8.02(b).   The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

_____  yes    __X__  no    _____ likely to agree in future

### C.    Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.   The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.   The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

### D.    Other Alternative Dispute Resolution

The parties intend to pursue the following other methods of alternative dispute resolution:

None at this time.

Date:  August 13, 2018

CASE NO. 2:18-cv-408-FtM-38MRM

Respectfully submitted:

**LASH & GOLDBERG LLP**
Suite 1200, Miami Tower
100 Southeast Second Street
Miami, Florida 33131-2100
Telephone: (305) 347-4040
Facsimile: (305) 347-4050
*Attorneys for Plaintiffs*

By:  /s/ *Alan D. Lash*
     **ALAN D. LASH**
     Florida Bar No. 510904
     alash@lashgoldberg.com
     **MARTIN B. GOLDBERG**
     Florida Bar No. 0827029
     mgoldberg@lashgoldberg.com
     **LORELEI J. VAN WEY**
     Florida Bar No. 982792
     Lvanwey@lashgoldberg.com
     **JUSTIN C. FINEBERG**
     Florida Bar No. 0053716
     jfineberg@lashgoldberg.com

**ROBINS KAPLAN LLP**
711 Fifth Avenue South, Suite 201
Naples, Florida 34102-6628
Telephone: (239) 430-7070
Facsimile: (239) 213-1970
*Attorneys for Defendants*

By: /s/ *Lawrence A. Farese*
     **LAWRENCE A. FARESE**
     Florida Bar No. 252808
     lfarese@robinskaplan.com

**CHEFFY PASSIDOMO, P.A**.
821 Fifth Avenue South, Suite 201
Naples, Florida  34102
Telephone: (239) 261-9300
Facsimile: (239) 261-9782
*Attorneys for Defendants*

By: /s/ *Edward K. Cheffy*
     **EDWARD K. CHEFFY**
     Florida Bar No. 393649
     ekcheffy@napleslaw.com
     **NICHOLAS P. MIZELL**
     Florida Bar No. 87775
     npmizell@napleslaw.com
     **ANDREW H. REISS**
     Florida Bar No. 116955
     ahreiss@napleslaw.com
     **MICHAEL A. FELDMAN**
     Florida Bar No. 705152
     mafeldman@napleslaw.com

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on August 13, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, in which the following is a participant: Lawrence A. Farese, Esq., lfarese@robinskaplan.com, Robins Kaplan, LLP, 711 Fifth Avenue South, Suite 201, Naples, FL 34102-6628, counsel for Defendants.

By: /s/ *Lorelei J. Van Wey*
     **Lorelei J. Van Wey**