UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLIER HMA PHYSICIAN
MANAGEMENT, LLC,

    Plaintiff,

v.                                Case No.:  2:18-cv-408-SPC-MRM

NCH HEALTHCARE SYSTEM, INC.,
NAPLES COMMUNITY HOSPITAL,
INC. and NCHMD, INC.,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Naples HMA, LLC's Motion for Reconsideration or to Certify Matter for Interlocutory Appeal (Doc. 236), along with Defendants NCH Healthcare System, Inc., Naples Community Hospital, Inc. and NCHMD, Inc.'s opposition (Doc. 243). For the below reasons, the Court denies the Motion.

This case is about Naples and Defendants vying to employ (and thus profit off) the same doctors. Naples claims that Defendants tortiously interfered with its business relationships with seven doctors who had

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

employment contracts with another company in Naples' healthcare network. Defendants allegedly induced the doctors to end their contracts early by offering them jobs and telling them the noncompete provisions in the contracts were unenforceable. To recover the millions lost, Naples sued Defendants for tortious interference, conspiracy, and unfair competition.

Defendants moved for summary judgment on the claims. Because conspiracy and unfair competition hinged on tortious interference, the Court focused on that tort. In the end, it found Naples didn't prove the first element and dismissed Naples' claims. Unhappy with that conclusion, Naples now moves for reconsideration or an interlocutory appeal. (Doc. 236). The Court addresses both requests.

**A. Motion for reconsideration**

A district court has considerable discretion in deciding whether to grant a motion for reconsideration. See *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). In exercising this discretion, courts balance two competing interests: the need for finality and the need to render just rulings based on all the facts. Finality typically prevails because reconsidering an order is an extraordinary remedy that courts use sparingly. See *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003).

Along this line, "[a] motion for reconsideration should raise new issues, not merely readdress issues previously litigated." *PaineWebber Income Props.*

2

*Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995) (citation omitted); *see also Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012) ("A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision."). The motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (internal quotations omitted).

Because courts generally disfavor motions for reconsideration, they recognize only three grounds to overturn prior orders: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice. *See McCreary v. Brevard Cnty, Fla.,* No. 6:09-CV-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.,* 149 F.R.D. 235, 235 (M.D. Fla. 1993). Here, Naples moves for reconsideration on the third ground only—the need to correct a clear error.

The starting point is the elements for a tortious interference with a business relationship claim under Florida law. To establish this tort, Naples had four elements to prove: (1) the existence of a business relationship that

affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff. *Int'l Sales & Servs., Inc. v. Austral Insulated Prods., Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001) (citing *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994)). The Court found that Naples fell short on the first element for two reasons. First, Naples showed no business relationship with the Doctors. Second, even if it had some relationship, Naples did not show one that afforded it existing or prospective legal or contractual rights.

In so deciding, the Court relied primarily on *Ethan Allen v. Georgetown Manor, Inc.*, 647 So. 2d 812 (Fla. 1994). This was because it is the Florida Supreme Court's seminal case on tortious interference with a business relationship and the parties argued for and against its applicability here. Naples argued against *Ethan Allen*, claiming the identifiable relationships at issue were the ones with the seven named doctors because of patient referrals. Naples further cited *Omni Healthcare, Inc. v. Health First, Inc.*, No. 6:13-cv-1509-RBD-DAB, 2016 WL 4272164, at *25 (M.D. Fla. Aug. 13, 2016) and the appellate cases quoted therein to support its argument. *See, e.g.*, *Magre v. Charles*, 729 So. 2d 440 (Fla. 5th DCA 1999). In deciding summary judgment, the Court neither ignored nor overlooked Naples' arguments or case law. They just weren't persuasive.

4

In moving to reconsider, Naples dedicates pages on how the Court misinterpreted *Ethan Allen, Omni*, and *Magre*. It's clear that Naples is merely dissatisfied with the Court's unfavorable ruling. But that's not the purpose of a motion for reconsideration. It's not enough for Naples to ask the Court to reweigh previously litigated matters. *See, e.g., Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (explaining that court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure"). Yet that's exactly what Naples wants the Court to do. Naples cannot use reconsideration to plug holes in their previous summary judgment arguments now that it knows the Court's rationale. *See Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (stating that motions for reconsideration are not used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the" court's decision).

Even if the Court were wrong in deciding that Naples had no business relationship with the doctors through patient referrals, that wasn't the only reason it granted summary judgment. The Court's opinion alternatively assumed that Naples had some relationship with the doctors, but ultimately found this did not afford Naples any existing or prospective legal or contractual rights. On this front, the Court stated, "Naples articulates no such right, let alone offers evidence or authority to support one." (Doc. 222 at 26). Naples

5

again tries to correct that shortcoming through reconsideration. But the Court declines to make new summary judgment findings—under the guise of reconsideration—based on arguments and authority never mentioned before. Naples' support for reconsideration was available to it long before the first round of summary judgment. So their efforts now are too little too late.

In short, Naples presents no compelling reason for the Court to exercise its discretion to grant the extraordinary relief of reconsideration. The Court thus denies the reconsideration request.

**B. Request to Certify the Order for Interlocutory Review**

Besides reconsideration, Naples asks the Court to certify this question to the Eleventh Circuit for an interlocutory appeal: "Does a hospital that receives patient referrals from physicians employed by an affiliate have a legally protectable advantageous business relationship with those physicians without being a signatory to or a third-party beneficiary of a written contract with them?" (Doc. 236 at 24). Naples rides two avenues for the appeal: Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292(b). (Doc. 236 at 22-26).

Rule 54(b) governs judgment on multiple claims or involving multiple parties—as here.[2] The rule says, "When an action presents more than one

---

[2] Two separate Plaintiffs brought claims against Defendants. At summary judgment, the Court dismissed Naples' claims but the other's claims were untouched and are heading to trial.

claim for relief. . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997) (explaining that Rule 54(b) "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated"). If a court doesn't enter a final judgment following its patrial ruling, a party may move for one under Rule 54(b) so that it can appeal. The court may dispatch a portion of the lawsuit for immediate appeal only if it certifies, among other things, there is no just reason to delay the appeal. *Ebrahimi*, 114 F.3d at 165 ("As a prerequisite to Rule 54(b) certification, the district court must evaluate whether there is any just reason to delay the appeal of individual final judgments." (citation omitted)). "The question requires the district court to balance judicial administrative interests and relevant equitable concerns." *Ebrahimi*, 114 F.3d at 166 (citation omitted).

The only "just delay" argument presented is that an interlocutory appeal "can avoid the undue burden of having multiple witnesses (many of whom are nonparties to the litigation) testify at multiple trials concerning the same facts and evidence." (Doc. 236 at 23). But the possibility of multiple trials, although inconvenient for nonparties, isn't enough. There's another corporate plaintiff

with claims against Defendants ready to be tried on August 9, 2022. And those claims shouldn't be held up any longer, especially in a case pending since 2018.

Taking Naples' witness inconvenience argument to its logical conclusion also shows the shaky ground on which it stands. After the August trial, the Court will enter judgment and Naples can appeal. If Naples succeeds on appeal, then the Court will need to schedule another trial. All this will take time—likely considerable time. So it is not as if nonparties will have to testify in August and turn around to testify again a month or two later. It will likely be a year (or more) before any repeat testimony is needed, and that is only if Naples appeals and wins. The Court believes there is just reason to delay the entry of final judgment and, in turn, avoid overburdening the appellate court with a piecemeal appeal.

Naples doesn't stop with Rule 54(b). It also argues the Court may certify the Order as appealable under 28 U.S.C. § 1292(b). (Doc. 236 at 23-25). Although it is "bad policy" to permit interlocutory review of non-appealable orders because of the piecemeal effect on cases, the court may do so under three statutory conditions: (1) the order must involve "a controlling question law"; (2) on "which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). The movant must "show[ ] that all

8

§ 1292(b) requirements are satisfied and that the case is one of the rare exceptions in which the court should exercise judicial discretion to grant the remedy." *Cont'l 332 Fund, LLC v. Albertelli*, No. 2:17-cv-41-FtM-38MRM, 2018 WL 3656472, at *2 (M.D. Fla. Aug. 2, 2018) (citation omitted); *see also Short v. Immokalee Water & Sewage Dist.*, No. 2:18-cv-124-FtM-99CM, 2018 WL 7048223, at *1 (M.D. Fla. Oct. 4, 2018) ("If any elements are not satisfied, the Court must deny interlocutory review." (alteration accepted and citation omitted)).

Naples falls at the third condition. It asserts "allowing an appeal now would potentially avoid trying this same case twice." (Doc. 236 at 25). Under the circumstances of this case, the possibility of a double trial is not enough. Collier's claims against Defendants must go to trial regardless of whether and when Naples' appeals. This case has been pending over four years. And it is not the first lawsuit about the doctors jumping ship to Defendants. A state court suit challenging the enforceability of the doctors' noncompete provisions has been pending over seven years. Some finality is long overdue, and an interlocutory appeal will only unreasonably delay the proceedings. What's worse, Naples offers no reason why Collier should wait for its claims to be adjudicated while it pursues an interlocutory appeal.

In conclusion, the Court denies Naples' alternative relief for an interlocutory appeal.

9

Accordingly, it is now

**ORDERED**:

Plaintiff Naples HMA, LLC's Motion for Reconsideration or to Certify Matter for Interlocutory Appeal (Doc. 236) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on May 16, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record